UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ADVANTUS, CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL PRENDERGAST, *et al.*, <br><br> Defendants. | Hon. Judge John R. Adams <br><br> Civil Action No. 5:25-cv-01250-JRA |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
(1) MOTION TO REMAND PURSUANT TO 28 U.S.C. §1452(b) AND
(2) MOTION FOR ABSTENTION UNDER 28 U.S.C. §1334(c)(1), (2)**

Plaintiffs Advantus, Corp., Fairfield Processing Corp., Gwen Studios, LLC, Low Tech Toy Club LLC, Ormo Ithalat Ihracat A.S., and Springs Creative Products Group, LLC (the "Plaintiffs"), by and through their undersigned counsel, hereby submit this reply brief in further support of their Motion for Remand Pursuant to 28 U.S.C. §1452(b) ("Remand Motion") (ECF No. 20), and their Motion for Abstention Under 28 U.S.C. §1334(c)(1), (2) ("Abstention Motion") (ECF No. 21).

## INTRODUCTION

Plaintiffs filed the above-captioned litigation arising out of numerous negligent and/or fraudulent misrepresentations made by non-debtor Defendants Michael Prendergast, Jeffrey Dwyer, Robert Will, Christopher DiTullio, Heather Holody, Michael Kennedy, and Melisa Bowers (each a "Defendant," and collectively, the "Defendants") to each of the Plaintiffs in Ohio state court, under state law. Plaintiffs' Complaint (ECF No. 1-1) asserts no claims against the Defendants' former employer and the debtor, JOANN Inc. ("JOANN"), and its affiliated debtors (the "Debtors"). The Debtors are formerly debtors-in-possession, having filed for Chapter 11

1

protection in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (*see In re JOANN INC., et al.*, No. 25-10068 (CTG) (Bankr. D. Del.), and now enjoy the status of "Wind-Down Debtors" following the July 16, 2025 "Effective Date" of the Second Amended Joint Chapter 11 Plan of JOANN Inc. and its Debtor Affiliates (Technical Modifications) (the "Plan").

Defendants removed this Action from the Court of Common Pleas of Summit County on the basis of a far-fetched application of "related to" jurisdiction under 28 U.S.C. § 1334. *See Advantus, Corp., et al. v. Prendergast, et al.*, No. 5:25-cv-01250-JRA (N.D. Ohio), Dkt. 1. Defendants' invocation of "related to" jurisdiction rests solely on the possibility that the Defendants may invoke unproven indemnification rights against the Debtors to satisfy a settlement or judgment against them in this Action. No Defendant has sought the Bankruptcy Court's authorization for leave to file a "Proof of Claim" asserting indemnification rights after the Bankruptcy Court's "Bar Date Order", which established the deadline for filing of "Proofs of Claim" against the Debtors. No Defendant has even provided any evidence that they have any rights that could give rise to an indemnification claim against the Debtors. Even if a Defendant could prove that they have a right to indemnification, the fact that the "Bar Date" (i.e., the deadline for filing of Proofs of Claim) has passed is fatal to their argument that a potential indemnification claim could serve as a basis for "related to" federal jurisdiction.

Additionally, upon the "Effective Date" of the Plan, the Bankruptcy Court's "related to" jurisdiction is substantially narrowed. "In determining 'related to' jurisdiction in the post-confirmation context where the estate does not continue in existence, 'the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter.'" *In re SAI Holdings Ltd.*, No. 06-33227, 2012 WL 3185826, at *1 (Bankr. N.D. Ohio Aug. 3, 2012) (internal citation omitted). Only "'matters that

2

affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.* (internal citations omitted). Defendants have made no showing, nor do they even attempt to show, that a "close nexus" exists following the Plan's Effective Date. Therefore, this Court simply does not have subject matter jurisdiction to hear Plaintiffs' claims against these non-debtor Defendants.

Defendants' Opposition to Plaintiffs' Remand Motion and Abstention Motion (ECF No. 23) ("Opp. Br.") encourages the Court to adjudicate their Motion to Transfer Venue (ECF No. 3), which is fully briefed, before deciding Plaintiffs' Remand Motion and Abstention Motion. (Opp. Br. at 3). Plaintiffs submit Defendants' suggestion is procedurally illogical as it may require a transfer of this Action to Delaware, and then another transfer of the Action back to Ohio.

Defendants assert that an analysis of the relevant factors weigh against remand, but their conclusion fails because their analysis is based on the false premise that (1) the Plaintiffs filed this Action to bypass the Bankruptcy Court process and (2) that both the Ohio State Court and Bankruptcy Court would be required to simultaneously adjudicate the fraud and misrepresentation claims asserted in this Action.

Defendants make only two arguments in opposition to the Abstention Motion, both of which are contrary to the law and facts here. Defendants are wrong that mandatory abstention only applies when the action was commenced in state court *before* the bankruptcy proceedings were initiated because the sole case they rely on, *In re Longview Power, LLC,* 516 B.R. 282, 295 (Bankr. D. Del. 2014) – was contrary to controlling Sixth Circuit law, which the *Longview* court acknowledged and retracted in a later opinion, *In re Gen. Wireless Operations Inc.*, No. 17-10506 (BLS), 2017 WL 6033562, at *4 (Bankr. D. Del. Dec. 1, 2017).

3

Defendants' sole remaining basis to contest the application of mandatory abstention – that the Ohio state court lacks personal jurisdiction over Defendants Prendergast and Dwyer (*see* Opp. Br. at 8-10) – is belied by the facts alleged in the Complaint and controlling law, which does not affect the application of mandatory abstention. Moreover, challenges to the state court's personal jurisdiction over the Defendants are inappropriate on a motion for abstention, as the relevant inquiry is whether the state forum has subject matter jurisdiction, not personal jurisdiction.

Simply put, this Court lacks subject matter jurisdiction over the state law claims asserted in this Action and remand to the Ohio Court of Common Pleas is required. The confirmation and effectiveness of the Plan further supports remand because the Bankruptcy Court's jurisdiction is sharply reduced following confirmation and effectiveness of the Plan. Rather, the Bankruptcy Court's jurisdiction is limited to ensuring that the Plan is implemented. Thus, even if the Action is transferred to the Bankruptcy Court, that court will be required to remand the Action to Ohio state court on the basis that the Bankruptcy Court lacks subject matter jurisdiction.

Lastly, in the event the Court determines that "related to" bankruptcy jurisdiction does exist in this matter, the rules of abstention require remand to the Ohio Court of Common Pleas.

## RELIEF REQUESTED

Pursuant to Section 1452(b) of Title 28 of the United States Code, Plaintiffs seek remand of the Action to the Court of Common Pleas of Summit County, Ohio. Alternatively, pursuant to 28 U.S.C. § 1334(c)(1), (2), Plaintiffs request that the Court abstain from hearing the causes of action asserted in the Complaint.

## ARGUMENT

I. **Defendants Fail to Establish Federal Jurisdiction under 28 U.S.C. § 1334(b)**

This Court has an obligation to determine whether it has subject matter jurisdiction over any matter, regardless of whether a party in interest objects or raises an issue as to its jurisdiction. *See Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1240 (2006); *In re Ballard*, No. 08-34460, 2024 WL 5711068, at *3 (Bankr. S.D. Ohio Feb. 12, 2024). The Sixth Circuit has repeatedly cautioned that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *accord First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("the removal statutes are to be narrowly construed"). "The defendant that removes a case from state court bears the burden of establishing federal subject-matter jurisdiction." *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 323 F. Supp. 2d 861, 867 (S.D. Ohio 2004) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). Defendants have failed to meet that burden.

Standing in the shoes of the Debtors and arguing on behalf of the Wind Down Debtors over which the non-Debtor Defendants have no control or interest, Defendants seek to invoke "related to" jurisdiction solely on the possibility that the Defendants may seek the Bankruptcy Court's authorization for leave to file a "Proof of Claim" asserting indemnification rights after the Bankruptcy Court's "Bar Date Order". But today, no Defendant has filed such a request. Thus, Defendants' "indemnification rights" are merely a fantasy, too contingent, indefinite, and remote to create "related to" jurisdiction. Moreover, Defendants fail to provide any evidence that they, in fact, could assert an indemnification claim against the Wind-Down Debtors' assets.

These simple facts are fatal to their argument that a potential indemnification claim can serve as a basis for "related to" federal jurisdiction. *See W. & S. Life Ins. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 1:11-CV-00576, 2011 WL 6372845, at *5 (S.D. Ohio Dec. 20, 2011) (denying defendants' motion to transfer venue and rejecting defendants' "related to" jurisdiction argument "where no claim for indemnification has been filed in the bankruptcy matter, and the bar date for filing such a claim has expired, it is simply too far removed to provide a basis for 'related-to' bankruptcy jurisdiction") (citing and adopting the reasoning of *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 CIV. 2232 (NRB), 2011 WL 4965150, at *4 (S.D.N.Y. Oct. 19, 2011)) ("The only way defendants' indemnification claims against the Bankrupt Originators can actually affect the allocation of property among the estates' creditors is if defendants have asserted their claims against the bankruptcy estates." *Id.*).

In the Debtors' bankruptcy proceeding, a claims bar date was established and has passed, and the Debtors' reorganization Plan has been approved. Defendants have failed to identify a single timely proof of claim relevant to this case that they filed in the bankruptcy proceeding. There is no realistic possibility that Defendants could now assert late-filed claims in order to participate in distributions. The only way that Defendants' purported indemnification claims against the Debtors would impact the allocation of property among the Debtors' creditors, albeit a *de minimis* effect with a projected recovery from the Wind-Down Debtors of 0%-1% of allowed claims, is if Defendants are miraculously successful in gaining leave to file a "Proof of Claim" asserting indemnification rights after the Bankruptcy Court's "Bar Date Order," entitling them to a portion of the Wind-Down Debtors' assets to be distributed under the Plan. *See Allstate* 2011 WL 4965150, at *4. Courts regularly reject "related-to" jurisdiction over actions asserting misrepresentation and/or fraud claims where, as here, the debtors have not scheduled any of the defendants'

indemnification claims and the defendants do not demonstrate that they have filed timely proofs of claim in any open bankruptcy proceeding. *See W. & S. Life Ins.*, 2011 WL 6372845, at *5; *Sealink Funding Ltd. v. Bear Stearns & Co. Inc.*, No. 12 Civ. 1397 (LTS)(HBP), 2012 WL 4794450, at *3 (S.D.N.Y. Oct. 9, 2012).

Furthermore, it is extremely unlikely that a Defendant can establish "related to" jurisdiction because the Plan has gone "effective." *See Cunningham v. Pension Ben. Guar. Corp.*, 235 B.R. 609, 616 (N.D. Ohio 1999) ("Considering established law that bankruptcy courts should not exercise jurisdiction over matters that do not affect the Debtor, the trustee, or property of the estate, and considering that indemnification or contribution claims traditionally are insufficient to cause the bankruptcy court to invoke post-confirmation jurisdiction, the bankruptcy court correctly declined subject matter jurisdiction … Any effect on the bankruptcy, if at all, is too tenuous to create 'related to' jurisdiction").

Lastly, if this Action is transferred to the Bankruptcy Court, that Court will be required to re-assess whether it has post-effective date 'related to' jurisdiction. *See Peabody Landscape Const., Inc. v. Schottenstein*, 371 B.R. 276, 280–81 (S.D. Ohio 2007) (dismissing adversary proceeding asserting state law claims post-confirmation, finding that "Plaintiff's state law claims are no longer 'related to' proceedings under § 1344(b)[,]" noting "the outcome of Plaintiff's state law claims cannot have any conceivable effect on the administration of the ceased bankruptcy estate").

Therefore, Defendants' theory that this Court – or any federal court – has "related to" jurisdiction over this Action lacks a legal basis. This Court simply does not have subject matter jurisdiction to hear Plaintiffs' claims against these non-debtor Defendants.

## II. Even if 'Related to' Jurisdiction Existed, Remand Would be Required and Appropriate

### A. All the Requirements of Equitable Remand are Met

Plaintiffs have demonstrated that the factors a court considers when deciding whether a remand is equitable under 28 U.S.C. § 1452(b) weigh in favor of remanding the Action to the Ohio Court of Common Pleas. *See* Remand Motion, sec. C.

Defendants argue that the equitable remand factors counsel against remand, but their analysis appears to be based on the false (and far-fetched) accusation that (1) the Plaintiffs filed this Action to bypass the Bankruptcy Court process (which is untrue) (*see* Opp. Br. at 4), (2) even if this Action is remanded, the Bankruptcy Court and the Ohio state court would be simultaneously adjudicating the fraud and misrepresentation claims asserted in this Action. Opp. Br. at 4-5 ("It would be illogical and highly inefficient for the Bankruptcy Court to handle Joann's bankruptcy—including the proofs of claim Plaintiffs have submitted for the same amounts they are seeking in this Action—while the Ohio Court simultaneously handles Plaintiffs' duplicative misrepresentation claims arising out of that bankruptcy."), and (3) the Ohio state court would need bankruptcy law expertise to hear the Action (which it would not need because Plaintiffs assert only common law claims) (Opp. Br. at 6). Defendants' arguments make no sense. Plaintiffs' Proofs of Claim assert claims against the Debtors for unpaid invoices for goods sold on credit. The Action, on the other hand, seeks damages for fraud and negligent misrepresentation claims against non-Debtor Defendants. The fact that the damages sought in each case are similar (though Plaintiffs seek additional incidental and/or consequential damages in the Action), does not mean that the claims are identical. In fact, it is highly improbable that the Bankruptcy Court will require evidence of a misrepresentation or omission, reliance, and scienter, in any hypothetical objection to Plaintiffs' Proofs of Claim.

8

Thus, the cases Defendants cite opposing remand miss the mark. Defendants' reliance on *Quintairos, Prieto, Wood, & Boyer, PA v. PCPMG Consulting, LLC*, No. 5:18-CV-176-KKC, 2019 WL 13140438 (E.D. Ky. Jan. 28, 2019) is misplaced. In *Quintairos*, the court determined that it had "related to" jurisdiction because the plaintiff in the state court action was a law firm that sued the debtors' subsidiary stemming from a failure to pay legal fees. *Id.* at *2. However, the court also had an independent proper jurisdictional basis under 28 U.S.C. § 1332 (diversity) – unlike the Court here. In declining to remand the state court action, the court specifically noted that "[c]onsidering this Court has properly retained original jurisdiction under § 1334 and diversity jurisdiction under § 1332, this Court sees no reason to abstain." *Id.* at *3. This Court has no alternate basis for jurisdiction over this Action, nor have the Plaintiffs sued any of the debtors, thus *Quintairos* in inapplicable.[1]

### B. All the Requirements of Mandatory Abstention are Met and 28 U.S.C. § 1334(c)(2) Requires the Court to Return the Action to the Ohio Court of Common Pleas

Plaintiffs have demonstrated that all of the factors to consider for mandatory abstention to apply, articulated by *In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996), have been met and warrant abstention. *See* Abstention Motion, sec. A.

Defendants argue that mandatory abstention does not apply for two reasons: (i) because mandatory abstention applies only when the action was commenced in state court *before* the bankruptcy proceedings were initiated; and (ii) because the Ohio state court lacks personal jurisdiction over Defendants Dwyer and Prendergast. Opp. Br. at 8-11. Defendants are wrong that

---

[1] *In re Brook Mays Music Co.*, 363 B.R. 801, 806 (Bankr. N.D. Tex. 2007) is unpersuasive because it is not controlling law and, there, the plaintiff's state court action was brought against the debtors' secured lenders and financial advisor for debts owed to the plaintiff by the debtor. *Id.* at 806, 808. In *Brook*, unlike here, by suing the debtors' lenders and financial advisors for a debt owed by the debtor to the plaintiff (for renovating the debtors' office space), the plaintiff's suit was nothing more than an effort to obtain the debtors' assets.

9

mandatory abstention applies only when the action was commenced in state court before the bankruptcy proceedings were initiated. In *Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006), the Third Circuit considered a lawsuit commenced by a former president against the debtor for pre-petition severance payments. *Stoe*, 436 F.3d at 211. Once the bankruptcy case was commenced and the automatic stay went into effect, the president brought an action to recover the unpaid payments in Pennsylvania state court. *Id.* The action was subsequently removed to federal district court, where mandatory abstention was denied because an action's removal to federal court could not serve as the sole predicate to granting mandatory abstention. *Id.* at 213. In its review, the Third Circuit focused on whether a removed action could satisfy the "is commenced" prong for mandatory abstention. *Id.* Answering that question in the affirmative, the court ruled that a suit that was filed post-petition and then removed to federal court satisfied the "is commenced" prong. *Id.* at 216. The Third Circuit in *Stoe* held that post-petition commencement is sufficient by approving mandatory abstention in a factual scenario involving a state court action filed post-petition. *Id.*

Defendants cite *Longview Power* to support their argument that mandatory abstention applies only when the action was commenced in state court before the bankruptcy proceedings were initiated, but the Bankruptcy Court ***admitted and acknowledged that its ruling was contrary to Third Circuit law***, and subsequently ruled that even if an action is commenced in state court post-bankruptcy petition, that satisfies that "is commenced" prong for purposes of mandatory abstention. *See Gen. Wireless*, 2017 WL 6033562, at *4. In so doing, the Bankruptcy Court noted:

> Considering those two decisions [*Longview* and *Stoe*], this Court concludes that *Longview* and *Stoe* are neither distinguishable nor reconcilable. *Longview* must of course yield to *Stoe*. Therefore, the Committee meets this element of mandatory abstention. The Committee has satisfied all requirements for mandatory abstention as outlined by the Third Circuit in *Stoe*. The Motion for Mandatory Abstention is granted.

*Id.*

Defendants' sole remaining argument to contest the application of mandatory abstention – that the Ohio state court lacks jurisdiction over Defendants Prendergast and Dwyer (Opp. Br. at 8-10) – is belied by the facts alleged in the Complaint and does not affect the application of mandatory abstention. Moreover, challenges to the state forum's personal jurisdiction over the Defendants is inappropriate in response to an abstention motion because the relevant inquiry under 28 U.S.C. § 1334 is subject matter jurisdiction, not personal jurisdiction. *See Nat'l Century*, 323 F. Supp. 2d at 879–80 (§ 1334 "means a state forum which has subject-matter jurisdiction, not one which has both subject-matter and personal jurisdiction," noting "Section 1334(c)(2) cannot bear this interpretation," and "Defendants' attempt to add a personal jurisdiction requirement into the mix does not work," and that "a challenge to personal jurisdiction is more appropriately raised through a motion to dismiss").

Nevertheless, the Ohio state court has personal jurisdiction over all Defendants. To invoke personal jurisdiction through Ohio's long-arm statute and Ohio Civ. R. 4.3, it need only be shown that Defendants Prendergast and Dwyer transacted "any business" in this state or that they caused tortious injury in this state, and that Plaintiffs' causes of action arose from such transaction and/or tortious conduct. *See Maui Toys, Inc. v. Brown*, 2014-Ohio-583, ¶ 44 (Ct. App.). The term "transact," means to "prosecute negotiations"; to "carry on business"; or to "have dealings." *Id.* ¶ 34 (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477 (1990)). The phrase "transacting any business in this state" has been given broad interpretation by the Ohio Supreme Court. *Id.*

The Ohio Court of Common Pleas has personal jurisdiction over Defendants Prendergast and Dwyer because, as alleged in the Complaint, each of those Defendants were executive officers of JOANN during the relevant period, which is located in Summit County, Ohio, and all of the

facts supporting the claims asserted in the Complaint occurred in Summit County, Ohio. Complaint, ¶ 30. Defendants Prendergast and Dwyer, as officers of JOANN, regularly transacted business, contracted to supply goods and services or had the minimum requisite contacts with Ohio necessary to constitutionally permit the court to exercise jurisdiction over them. *Id.*, ¶ 29. Plaintiffs further allege with specificity that Defendants Prendergast and Dwyer attended in-person meetings with Plaintiff Ormo at JOANN's headquarters in Hudson, Ohio where each of those Defendants made specific false representations to Plaintiff Ormo, upon which it relied to its detriment. *Id.*, ¶ 85. In addition to these allegations demonstrating that Defendants Prendergast and Dwyer transacted business within Ohio, the causes of action asserted in the Complaint arose from Prendergast and Dwyer's transacting of business in Ohio (*i.e.*, their tortious conduct). Thus, there can be no question that the Ohio state court has personal jurisdiction over Defendants Prendergast and Dwyer. *See Maui Toys*, 2014-Ohio-583, ¶ 34 ("Together, R.C. 2307.382 and Civ. R. 4.3(A)(1) authorize a court to exercise personal jurisdiction over a nonresident defendant … when a cause of action arises from the nonresident defendant's transacting any business in this state"); *see also Fern Exposition Servs., L.L.C. v. Lenhof*, 2014-Ohio-3246, ¶¶ 1, 15, 26 (Ct. App.) (concluding court had personal jurisdiction over non-resident general manager of Ohio company who entered into an employment relationship with an Ohio company, worked out of state but communicated regularly with executives in Ohio, remotely accessed client information stored on Ohio company's computer server, entered Ohio on three occasions, and attended one business meeting in the Ohio office).

The Ohio state court's personal jurisdiction over Defendants Prendergast and Dwyer is not limited to the claims asserted by Plaintiff Ormo. Rather, the court has specific personal jurisdiction over Prendergast and Dwyer as to all the Plaintiffs' causes of action because each Plaintiff alleges

that it had in-person or video call meetings with Defendants Prendergast and Dwyer, who were officers of Ohio-based JOANN, who regularly had contact with Ohio-based JOANN employees and officers, who specifically participated in negotiations with Plaintiffs on behalf of Ohio-based JOANN (*e.g.*, relating to margin erosion and purported contract damages), and who made fraudulent and/or negligent misrepresentations concerning the financial condition and other aspects of JOANN's business (*i.e.*, participated in the alleged tortious wrongdoing). *See* Complaint, ¶¶ 49, 52, 59, 84, 85, 97, 106, 141, 150, 157, 158, 160, 164, 166, 167); *see Int'l Paper Co. v. Goldschmidt*, 872 F. Supp. 2d 624, 631 (S.D. Ohio 2012) (finding plaintiff made *prima facie* showing of personal jurisdiction over foreign defendant who was employed by an Ohio-based company, regularly contacted Ohio-based employees and officers, and specifically participated in Ohio-company's direct-buy business team); *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 617 F. Supp. 2d 700, 709–10 (S.D. Ohio 2009) (finding personal jurisdiction existed over non-resident officer and director of Ohio-based company who participated in the wrongdoing alleged by plaintiff); *WCR, Inc. v. W. Canada Heat Exchanger, Ltd.*, No. 3:18-cv-278, 2021 WL 2336575, at *5 (S.D. Ohio June 8, 2021) ("Although [non-resident defendant's] actions were taken in a corporate capacity, he was actively and personally involved in the conduct giving rise to the claims. Therefore, the corporate shield doctrine provides him no assistance in avoiding this Court's exercise of personal jurisdiction over him.").

Neither of Defendants' contentions concerning mandatory abstention has merit, and particularly considering that "all doubts as to propriety of removal are resolved in favor of remand," *Smith v. Nationwide Prop. and Cas. Ins. Co.*, No. 07-5956, 2007 WL 2819875, at *3 (6th Cir. 2007) (citations omitted). Accordingly, 28 U.S.C. § 1334(c)(2) requires the Court to abstain from hearing the Action, and remand to the Ohio Court of Common Pleas. *See W. & S.*

*Life Ins. Co.*, 2011 WL 13238306, at *2 (finding that remand of the state court action was appropriate under the principles of mandatory abstention).

### C. Permissive Abstention under 28 U.S.C. § 1334(c)(1) Requires Return of the Action to the Ohio Court of Common Pleas

Even if the Court were to find that "mandatory abstention" does not apply, the Court should exercise its discretion to abstain from hearing the Action and return the Action to the Ohio Court of Common Pleas. The causes of action asserted in the Complaint sound in fraud and negligent misrepresentation. These claims can, and should be, adjudicated in the Ohio Court of Common Pleas because they do not interfere with the Debtors' bankruptcy cases particularly since the Debtors' Plan has gone "effective" and the cases are nearing conclusion. Plaintiffs have demonstrated that a consideration of the relevant factors articulated in *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214–15 (N.D. Ohio 2000) weigh in favor of permissive abstention, *See* Abstention Motion, sec. B, and thus, remand of the Action to the Court of Common Pleas is appropriate.

### CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court remand all causes of action in the Complaint to the Court of Common Pleas of Summit County, Ohio, or, alternatively, abstain from hearing the Action and remand to the Court of Common Pleas of Summit County.

Dated: July 31, 2025

**BRENNAN, MANNA & DIAMOND, LLC**

/s/ *Jack W. Hinneberg*
Jack W. Hinneberg (#0093000)
Hilary DeSaussure (#0098989)
Victoria L. Ferrise (#0085012)
75 East Market Street, Akron, Ohio 44308
Tel: 330.374.5184
Email: jwhinneberg@bmdllc.com
 hfdesaussure@bmdllc.com
 vlferrise@bmdllc.com

**GRANT & EISENHOFER P.A.**

/s/ *Gordon Z. Novod*
Gordon Z. Novod (admitted *pro hac vice*)
Meagan Farmer (application for admission *pro hac vice* to be filed)
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8500
Fax: 646-722-8501
Email: gnovod@gelaw.com
 mfarmer@gelaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties of record on this 31st day of July, 2025 by way of the Court's electronic service mechanism.

/s/ *Jack W. Hinneberg*
Jack W. Hinneberg (#0093000)

4913-6013-5001, v. 1